Inhabitants of Lewiston, *petitioners for certiorari, versus* County Commissioners of Lincoln.

On an appeal to the county commissioners to locate and cause a town way to be recorded, if their adjudication does not contain a description of the road, its courses, distances and admeasurements, so that it may be ascertained from the record, a writ of *certiorari* will be granted.

A town cannot be adjudged to have delayed or refused to approve and allow a supposed way, where there had been no proper return or report of the laying of such way by the selectmen.

Petition for certiorari, against the county commissioners of Lincoln. It sets forth, that "on the first Monday of September, 1848, a decision was made and judgment rendered by said commissioners, approving and allowing a certain town way in said Lewiston, said to have been previously laid out by the selectmen of said Lewiston, and unreasonably refused and delayed to be allowed by said inhabitants; said commissioners directing said town way to be recorded by the town clerk

of said Lewiston, which decision and judgment of said commissioners was rendered on the petition of Oliver Herrick and sixty others."

The petition of said Herrick·and others was directed to the commissioners at their May term, 1848, and represented as follows : — " That a town way from a stone in the ground, at the corner of Hiram Adams' house lot in the town of Lewiston, thence in a southeasterly direction, partly over land given by the Lewiston Power Company for a road, and over land of the widow Joanna Frye and Daniel Tracy, to the county road leading from Lewiston bridge to Greene corner, in said town of Lewiston, would be of great public convenience ; that the selectmen of said town, after notice and hearing of the parties, have laid out such a way and reported the same to the town, at a public meeting of the inhabitants duly notified and warned, yet the town has unreasonably refused and delayed to allow and approve said town way, laid out by the selectmen as aforesaid, and to put the same on record.   Wherefore, your petitioners, considering themselves aggrieved by such delay and refusal, pray that your honors would, agreeably to law in such cases made and provided, accept and approve said town way, and direct the same to be recorded in the books of said town."

The petition of said inhabitants of Lewiston, sets forth that the decision and judgment of said commissioners was wholly predicated upon the petition of said Herrick and others, and was inoperative, illegal and void, and that the court of county commissioners had of right and law no appellate jurisdiction of the subject matter in which they exercised such jurisdiction ; and that the decision and judgment aforesaid ought to be quashed, for which said inhabitants assigned fifteen reasons.

But the examination of the case renders it unnecessary to report only the thirteenth reason, which was in these words : —

" And the said inhabitants do further represent, that in the doings and records of said commissioners, there is error in this, that neither in the petition of Oliver Herrick and sixty others,

nor yet in the decision of the county commissioners, is there any description of any road or way, that the town clerk can record, as ordered by said commissioners."

The record of the county commissioners, after reciting the petition of Herrick and sixty others, its entry and notices ordered, was as follows: — " Pursuant to the foregoing order of notice on the petition of Oliver Herrick and sixty others, for a town road in the town of Lewiston, being an appeal from said town to the court of county commissioners, we, the county commissioners of Lincoln county, met the parties at the time and place designated in said order, for that purpose, and it was then and there proved to our satisfaction, that all the notices required by said order had been duly and fully served, and that all the requirements of said order had been fully complied with, we then proceeded with the parties and viewed the route prayed for in said petition, and heard the parties and their witnesses at a convenient place in the vicinity thereof, and after a full hearing and consideration of all the testimony and arguments by all parties presented for consideration, we do adjudge and determine that the public convenience and necessity require that the said town of Lewiston open and build said road, and that the clerk of the court of county commissioners is hereby directed to notify the clerk of the town of Lewiston to make a record of the return of the selectmen of the said town of Lewiston, of the laying out of said road, the same as though said road had been accepted by said town.

" And it is further ordered, that the town of Lewiston pay into the county treasury, within three months from the time this report is accepted, the cost arising and made on the county by reason of the above petition, taxed at $75,75."

The action of the town, so far as it appeared from their records, in relation to this supposed town way, was after this manner. The second article in the warrant calling a meeting on the 13th of Sept. 1847, was "to see if the town will accept the following street or road laid out by order of the selectmen, August 28, 1847, beginning at a stone fixed in the

ground at the northerly corner of Hiram Adams' house lot, thence on the westerly side of Middle street, so called, south 14° E. twenty-two rods and 22 links to a stake and stones on the northerly side line of the widow Frye's house lot, said road to be 50 feet wide on the easterly side of said line, — thence 22½° east nine and one half rods across said Frye's land, the road leading from Lewiston falls to Greene; also beginning at a stake at the termination of said Middle street on Daniel Tracy's line, thence south 22½° E. eight and one half rods to the said county road, said street being 50 feet wide, taking about five rods of widow Frye's land, and twenty-one rods of Daniel Tracy's land, for which they claim damage." At the meeting, under article second, was recorded " on road across Daniel Tracy's and widow Frye's land the selectmen estimate the damage to Daniel Tracy two hundred and fifty dollars, and to widow Frye thirty dollars. Voted not to accept the road."

At a regular meeting of the town on the 4th October, 1847, under a similar article respecting said road, it was " voted to defer the subject of the road across Frye and Tracy's land to the next annual town meeting."

At another meeting on the 13th March, 1848, under an article to " see what action the town will take upon the road across land of William R. Frye and Daniel Tracy, and referring to the warrant of the previous October meeting, it was voted " to indefinitely postpone the article."

It further appeared, that a paper made by Col. Garcelon, a surveyor, containing a description of the road as set forth in the second article of the warrant before alluded to, was filed in the office of the town clerk of Lewiston, upon which were the following indorsements. " Minutes of road across widow Frye's and Daniel Tracy's land, August 28, 1847." " Duly filed in the clerk's office." " Recorded." " E. C. Tobie, town clerk."

The only record evidence of any action in reference to damages occasioned by the supposed laying out of said road, appears from the proceedings of the town under the second article of the warrant, of the meeting of September 13, 1847.

Of the application for the laying out of the road, there was no record. The chairman of the selectmen posted up two notices of the intentions of the selectmen to lay out the road, which he wrote, and signed the names of the board thereto, under a general authority from his colleagues to use their names in their official capacity, when he deemed it necessary so to do. He posted up the notices seven days prior to the time of acting upon the application, at two places within a quarter of a mile of said road. The substance of the notices were not recollected. He employed William Garcelon, a surveyor, to survey said road and to give him the minutes thereof, and the chairman was the only one of the selectmen present, to locate said road. No personal notice was given to Daniel Tracy, nor to the other owners of land, across which the said road was to be laid, and none of them were present at the time of the location. The damages were estimated by the selectmen, at the time the meeting was holden, to see whether the town would accept the road. One of the selectmen had no knowledge of the location or intention to locate said road.

The supposed street was included in a surveyor's district under the order of the selectmen in 1847, and worked upon that year.

It did not appear from the records of the town, that [the selectmen filed or caused to be filed the location of the road, or any minutes thereof, other than what appeared in a warrant calling a meeting to see if they would accept of several roads, in October, 1846, among which was the road now in dispute, and which was then rejected. And it was agreed that there were no reports of the location of said way, other than has herein been referred to.

It was admitted that said Tracy's house was built several years before the supposed location of said road in 1847, and that the road was laid so as to run through the L part of his house.

*Jacob Hill*, for the inhabitants of Lewiston.

*May*, for County Commissioners.

HOWARD, J. — Applications for a writ of *certiorari* being addressed to their discretion, this Court has uniformly examined the records and proceedings, in which the errors are alleged, before granting the process. If the alleged errors are found to be such as affect the forms of the proceedings only, and not the substantial merits of the case, the writ will be refused.

The object of the petitioners, in this case, is to procure the proceedings of the county commissioners, relative to a *town road* in Lewiston, to be quashed. To their record, and the proceedings upon which it is founded, numerous errors are alleged, affecting form and substance, but all do not require special consideration at this time.

The *thirteenth* error assigned, is, " that neither in the petition of Oliver Herrick and sixty others, nor yet in the decision of the county commissioners, is there any description of any road or way that the town clerk can record, as ordered by said commissioners."

Upon inspection of their record, we find, that it embraces the petition of Herrick and others, as the basis of their proceedings. This petition states, " that a town way, from a stone in the ground, at the corner of Hiram Adams' house lot, in the town of Lewiston, thence in a south-easterly direction, partly over land given by the Lewiston Water Power Company for a road, and over land of widow Joanna Frye and Daniel Tracy, to the county road leading from Lewiston bridge to Greene corner, in said town of Lewiston, would be of great public convenience ; that the selectmen of said town, after notice and hearing of the parties, have laid out such way, and reported the same to the town at a public meeting of the inhabitants duly notified and warned, yet the town has unreasonably refused and delayed to allow and approve said town way laid out by the selectmen aforesaid, and to put the same on record ; wherefore your petitioners, considering themselves aggrieved by such delay and refusal, pray that your honors would, agreeably to law in such case made and provided, accept and approve said town way, and direct the same

to be recorded in the books of said town." This application was intended as an appeal to the commissioners, under the provisions of the Revised Statutes, c. 25, § 34.

Upon this petition the county commissioners gave notice, met and viewed the route, and heard the parties, and "adjudged and determined, that the public convenience and necessity require that the said town of Lewiston open and build said road, and that the clerk of the court of county commissioners is hereby directed to notify the clerk of the town of Lewiston to make a record of the return of the selectmen of the said town, of the laying out of the said road, the same as though said road had been accepted by said town." Then follows an order for the payment of costs into the county treasury by the town.

This is all, which the record contains descriptive of the road, and if the town clerk of Lewiston should record the whole record of the county commissioners, upon the books of the town, it would furnish no proper description of the way, its courses, distances, or admeasurements, whereby the town or its officers or agents, could open or construct the road.

But it is contended that the record and adjudication of the county commissioners become sufficiently definite, by embracing the petition of Herrick & als., and by referring to the return of the laying out of the road by the selectmen as the matter to be recorded. If it were admissible to define and sustain a defective record of the county commissioners, in that manner, the facts agreed upon and used in the argument of this case, conclusively show, that this record cannot be aided by such reference, or by proof *aliunde.* For the selectmen did not make a report or return to the town, of the laying out of such supposed way, with the boundaries and admeasurements, as required by the Revised Statutes, chap. 25, § 29, unless the second articles in the warrants, calling the town meetings of September 13, and October 1st, 1847, can be considered as such report.

The warrants were in the usual form, and signed by the selectmen. The second articles were, "to see if the town

will accept the following street or road, laid out by order of the selectmen, August 28, 1847, beginning at the northerly corner of Hiram Adams' house lot." Then follow the courses, distances and admeasurements, to the other terminus, and the conclusion, " taking about five rods of widow Frye's and twenty-one rods of Daniel Tracy's land, for which they claim damages."

These articles were the same in each warrant, but they do not purport to be a return or report by the selectmen, of the laying out the street or road ; and do not determine whether it is a town or private way ; or whether, or by whom damages are to be paid. They were evidently drawn in reference to a report, but not as such. They do not give the requisite information to the town, or the citizens, or the persons interested, as provided in chap. 25, $ 29 and 31, of the Revised Statutes. Consequently, there was no report upon which the town could act ; and there could not have been either delay or refusal, on the part of the town, to approve and allow the supposed way.

The appeal, and the proceedings of the county commissioners were predicated upon the alleged unreasonable refusal and delay of the town to approve a town way, laid out by the selectmen, yet the record shows that the county commissioners did not so adjudicate ; nor did they adjudge that the allegations in the petition of Herrick & als. were proved. Indeed such allegations could not have been established, for they were contrary to the facts proved and admitted by parties.

Other reasons for quashing the proceedings of the county commissioners, are given, and supported by evidence. They have been fully discussed by counsel, but do not seem to require further consideration in this stage of the case.

We cannot refuse the writ of *certiorari,* and it must be granted.